CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

SEP 29 2009

JOHN F. CORCORAN, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| CAROLYN J. STOTLER, | ) | CASE NO. 3:09CV00013 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner | ) | By: B. Waugh Crigler |
| of Social Security, | ) | U. S. Magistrate Judge |
| | ) | |
| Defendant. | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's January 20, 2006 protectively-filed claim for supplemental security income under the Social Security Act (Act), as amended, 42 U.S.C. § 1381 is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter AFFIRMING the Commissioner's final decision, GRANTING the Commissioner's motion for summary judgment and DISMISSING this action from the docket of the court.

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge ("Law Judge") found that plaintiff had not engaged in substantial gainful activity since her alleged date of disability onset, July 13, 2005. (R. 88.) The Law Judge also found that plaintiff had the following severe impairments: chronic obstructive pulmonary disease ("COPD"), depression and anxiety. (*Id.*) The Law Judge determined that plaintiff did not have an impairment or combination of impairments which met or equaled any listed

impairment. (*Id.*) The Law Judge was of the view that plaintiff's medically determinable impairments reasonably could be expected to produce her alleged symptoms, but her statements concerning the intensity, persistence and limiting effects of these symptoms were not entirely credible. (R. 92.) The Law Judge determined that plaintiff maintained the residual functional capacity ("RFC") to perform light exertional work which does not require working with the public, allows her to work indoors in clear air, and allows her to avoid concentrated exposure to fumes, odors, dusts, gases and poor ventilation. (R. 89.) He further determined that this RFC precluded plaintiff from performing her past relevant work.[1] (R. 93.) By application of Medical-Vocational Guidelines ("grids") and by reference to testimony provided by the vocational expert ("VE"), the Law Judge concluded that plaintiff was capable of performing jobs which exist in significant numbers in the economy. (R. 94.) Thus, the Law Judge ultimately concluded that plaintiff was not disabled. (R. 95.)

Plaintiff appealed the Law Judge's July 25, 2007 decision to the Appeals Council. While on appeal, plaintiff proffered additional evidence. (R. 13-80, 358-369.) The Appeals Council considered the additional evidence and found no basis in the record, or in the reasons advanced on appeal, to review the Law Judge's decision. (R. 5-8.) Accordingly, the Appeals Council denied review and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 5.) This action ensued.

In a brief filed in support of her motion for summary judgment, plaintiff initially argues that the Law Judge failed to evaluate and consider the evidence in a manner consistent with the applicable federal law and regulations. (Pl's Brief, pp. 13-17.) Plaintiff contends that the Law

---

[1] Plaintiff's past relevant work is that of a retail clerk and housekeeper. (R. 93.)

Judge erred in his evaluation of evidence offered by her mental health therapist, Christine Krumm, LCSW, and plaintiff's friend and future sister-in-law, Faye Branham. (Pl's Brief, pp. 14-17.) Plaintiff argues that the Law Judge's failure to evaluate or properly credit this evidence was erroneous. (Pl's Brief, p. 14.)

Ms. Krumm and Ms. Branham are not considered "acceptable medical sources" under the regulations. *See* 20 C.F.R. § 416.913(a). Rather, as "other sources," information from them could be used only to show the severity of plaintiff's impairments and how they affected her ability to function. *See* 20 C.F.R. § 416.913(d). The following factors are used to evaluate opinions from "other sources"[2]:

- How long the source has know and how frequently the source has seen the individual

- How consistent the opinion is with other evidence;

- The degree to which the source presents relevant evidence to support an opinion;

- How well the source explains the opinion;

- Whether the source has a specialty or area of expertise related to the individual's impairment(s), and

- Any other factors that tend to support or refute the opinion.

20 C.F.R. § 416.927(d).

On May 2, 2007, Ms. Krumm completed a Mental Limitations Assessment ("Assessment") of plaintiff's ability to perform work-related activities. (R. 349-350.) In the

---

[2]Social Security Ruling 06-03p provides that the opinions from sources that are not "acceptable medical sources," should be evaluated using the same factors that apply to evaluating opinions from acceptable medical sources. *See* 20 C.F.R. § 416.927(d).

Assessment, Ms. Krumm opined that plaintiff suffered marked[3] limitations in the following areas: ability to make simple work-related decisions constantly throughout an eight-hour workday; ability to maintain regular work attendance on a full-time basis, without absences more than two days per month; ability to tolerate ordinary work stresses without decompensation or deterioration in work performance throughout an eight-hour workday; and ability to respond appropriately to changes in the work setting. (R. 349-350.) Ms. Krumm opined that plaintiff suffered extreme[4] limitations in the following areas: ability to interact appropriately with the general public; ability to ask questions or request assistance as needed; ability to accept instructions and respond appropriately to criticism from supervisors; and ability to travel in unfamiliar places or use public transportation. (R. 350.) Ms. Krumm conceded that her answers to the Assessment were based on her treatment of plaintiff for anxiety over only a short period of time. (*Id.*) She further revealed that the information related to several Assessment categories were "unknown" to her. (*Id.*)

The record reveals that plaintiff saw Ms. Krumm five times over a three-month time period.[5] (R. 327-348.) In assessing the weight given to Ms. Krumm's opinion, the Law Judge noted that her Assessment was based on knowledge of plaintiff over an acknowledged short treatment period. (R. 93.)

---

[3]In the Assessment, the term "marked" is defined as serious limitations, such that performance in this area would be unsatisfactory. (R. 349.)

[4]The term "extreme" is defined as severe limitations. No useful ability to function in this area. (*Id.*)

[5]The Law Judge found that Ms. Krumm treated plaintiff on four occasions over a short period of time, i.e. about two months. (R. 93.) Actually, there were five sessions over a three-month time period. This minor error, however, is not material to the outcome here.

4

Ms. Branham is plaintiff's friend and future sister-in-law. (R. 392.) At the hearing before the Law Judge, Ms. Branham testified about plaintiff's COPD and her mental impairments. (R. 392-397.) She stated that plaintiff suffers coughing spells when she becomes active or is exposed to fumes such as house cleaners. (R. 394.) Ms. Branham also testified that at times plaintiff suffers from coughing spells when they talk on the phone. (R. 395.) When asked about plaintiff's mental status, she offered that plaintiff is not comfortable around crowds, including family, and seems to have a feeling that other people are out to get her. (R. 394-396.)

Because Ms. Krumm and Ms. Branham are not treating medical sources, neither's testimony was entitled to controlling weight and special consideration. *See* 20 C.F.R. § 416.927(d). The Law Judge did credit Ms. Branham's evidence in some respects in determining plaintiff's RFC, particularly, as it related to her limitations on functioning around people.[6] His decision to not fully accept Ms. Krumm's limitations was not only because her opinions were based on a short history with plaintiff, but also because there was other, albeit non-examining, evidence to the contrary. Under the Commissioner's regulations, either reason, and certainly both, can be supported by the substantial evidence.

The Law Judge also properly declined to accept Ms. Krumm's opinion that plaintiff's anxiety was disabling. The Law Judge did recognize that plaintiff suffered anxiety as a result of which she was precluded from working with the public. (R. 89.) Yet, for the reasons set forth above, he was not required to give Ms. Krumm's opinion more weight than this. The Law Judge addressed plaintiff's COPD by requiring clean and ventilated air and the absence of concentrated

---

[6]It long has been acknowledged that that no bias should automatically attach solely because a witness also is a family member. *See Breeden v. Weinberger*, 493 F.2d 1002 (4th Cir. 1974).

5

exposure to fumes, odors, dusts and gases.

Next, plaintiff argues that the Law Judge erred by failing to include all of her physical and mental limitations in the hypothetical presented to the VE. (Pl's Brief, pp. 17-19.) As a result, plaintiff claims the VE's testimony was based on an inadequate hypothetical, and that his opinion cannot serve to identify jobs available in the national economy. (Pl's Brief, p. 19.) This argument is based upon the well-established principle that a VE's opinion is only relevant and helpful to the extent it accounts for the effects of all of a plaintiff's impairments and maladies. *See Walker v. Bowen,* 889 F.2d 47, 50 (4th Cir.1989).

The Law Judge posed the following hypothetical to the VE:

> Okay, now hypothetically, given this lady's age and her educational level, she's eighth-grade, but she's work as a cashier, what kind of jobs would there be for somebody like that at the sedentary or light level, but they'd have to be in clean air, you know, indoors in a, in a, you know, setting like this with ventilation and all.

(R. 402.) The VE responded that jobs in assembly and work as a cafeteria attendant would be available. (R. 402-403.) The VE noted that these positions did not involve interaction with others. (R. 403.)

It is the undersigned's view that the Law Judge's hypothetical inquiry adequately described plaintiff's functional limitations in a manner supported by the substantial record evidence in the case. Against, as set forth above, the evidence of Ms. Krumm and Ms. Branham are not given controlling weight.

Plaintiff next contends that the Appeals Council applied the wrong standard for considering the evidence she submitted on administrative appeal. (Pl's Brief, pp. 21-24.)

6

Plaintiff argues that the evidence she submitted is new, material, and relates back to the period in question. (*Id.*)

The regulations provide that the Appeals Council will review a case if the evidence is new, material, and relates to the period on or before the date of the Law Judge's decision. 20 C.F.R. § 416.1470; *Davis v. Barnhart*, 392 F.Supp.2d 747, 750 (W.D. Va. 2005). Evidence is deemed "new" if it is neither duplicative nor cumulative, and it is "material" if a reasonable probability exists that the evidence would have changed the outcome of the case. *Wilkins v. Secretary, Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991); *Davis*, 392 F.Supp.2d at 750.

The additional evidence submitted to the Appeals Council included medical records from Ms. Krumm. (R. 41-70, 363-369.) These medical records are duplicative of the information provided in the other records from Ms. Krumm. For instance, in both sets of records Ms. Krumm notes that plaintiff suffers from anxiety and is using her skills for symptom management. The Law Judge found that plaintiff's anxiety was a severe impairment and that her RFC precluded her from working with the public. (R. 88-89.)

Also offered was medical evidence addressing plaintiff's COPD. Michael C. Zlupko, M.D. submitted a preprinted form noting that plaintiff suffered from shortness of breath and sensitivity to cleaning vapors. (R. 72.) This form track the forms submitted by M. Plews-Ogen, M.D. (R. 302) and R. Snow, M.D. (R. 351). Therefore, Dr. Zlupko's evidence is merely duplicative and cumulative of that already before the Law Judge.

Plaintiff next argues that the Law Judge erred in his evaluation of her credibility. (Pl's Brief, pp. 24-26.) Plaintiff contends that the Law Judge's bare finding that she was "not

7

completely credible" fails to comply with SSR 96-7p. (Pl's Brief, p. 25.)

A claimant's subjective complaints of pain must be supported by the objective medical evidence. *Craig v. Chater,* 76 F.3d 585, 591 (4th Cir.1996); *Johnson v. Barnhart,* 434 F.3d 650, 657 (4th Cir.2005). Specifically, the evidence must show the existence of a medical impairment which could reasonably be expected to produce the amount and degree of pain alleged. *Craig,* 76 F.3d at 591; *Johnson,* 434 F.3d at 657.

According to SSR 96-7p, the Law Judge's credibility assessment should include an evaluation of the following factors: (1) the extent of claimant's daily activities; (2) location, duration, frequency, and intensity of symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of medication; (5) treatment other than medication; (6) any measures other than treatment used to relieve pain; and (7) any other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms.

The Law Judge found that the evidence of record corroborates plaintiff's claim she suffered with asthma, COPD and an anxiety disorder. (R. 91.) The Law Judge believed these conditions reasonably could be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms were not entirely credible. (R. 92.) In assessing plaintiff's credibility, the Law Judge went beyond a mere a conclusory finding. Rather, he assessed the objective medical evidence. For instance, the Law Judge noted that, although plaintiff alleged disabling shortness of breath, the medical record showed that she had received only minimal treatment for her COPD and asthma. (*Id.*) Moreover, he noted that plaintiff's continued smoking undermined her credibility. (*Id.*)

The undersigned cannot say the Law Judge misapplied the legal standards for evaluating

credibility under SSR 96-7p. Substantial evidence supports the Law Judge's credibility determination.

For these reasons, it is RECOMMENDED that an Order enter AFFIRMING the Commissioner's final decision, GRANTING the Commissioner's motion for summary judgment and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

9|29|09
Date