# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | |
|---|---|
| CAROLYN J. STOTLER,<br>    *Plaintiff,*<br><br>v.<br><br>MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,<br>    *Defendant* | CIVIL NO. 3:09CV00013<br><br><br>MEMORANDUM OPINION<br><br><br>JUDGE NORMAN K. MOON |

This matter is before the Court upon the parties' cross motions for summary judgment (docket nos. 10 and 12), the Report and Recommendation of the U.S. Magistrate Judge (docket no. 15), and the Plaintiff's objections to the Report and Recommendation (docket no. 16). I referred this matter to the Honorable B. Waugh Crigler, U.S. Magistrate Judge, for proposed findings of fact and a recommended disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) & (C). The Magistrate Judge filed his Report and Recommendation ("Report") on September 29, 2009, recommending that this Court enter an order granting the Commissioner's motion for summary judgment. The Plaintiff timely filed objections to the Report on October 12, 2009, obligating the Court to undertake a *de novo* review of those portions of the Report to which specific objections were made. 28 U.S.C. § 636(b); *Orpiano v. Johnson*, 687 F.2d 44, 48 (4th Cir. 1982). After a thorough examination of the documented record, the applicable law, and the Plaintiff's objections, I hereby adopt the Report of the Magistrate Judge and will grant the Commissioner's motion for summary judgment.

# I. BACKGROUND

On January 20, 2006 Plaintiff Carolyn Stotler protectively filed a claim for supplemental security income under the Social Security Act ("Act"), alleging a disability beginning July 13, 2005. The claim was initially denied on May 10, 2006, and was denied again on November 9, 2006. (R. 86). Thereafter, Plaintiff timely requested a hearing before an administrative law judge ("ALJ"), which was held on June 5, 2007.

In a decision ultimately adopted as a final decision of the Commissioner, the ALJ concluded that the Plaintiff was not disabled under the Act. In support of that finding, the ALJ made several findings of fact. First, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since her alleged date of disability onset, July 13, 2005. (R. 88.) Next, the ALJ determined that Plaintiff did not have an impairment or combination of impairments which met or equaled a listed impairment. (*Id.*) Although the ALJ did find that Plaintiff suffered from three severe impairments — chronic obstructive pulmonary disease ("COPD"), depression, and anxiety — those conditions nevertheless did not meet or equal a listed impairment in the applicable regulations. (*Id.*)

Finding that Plaintiff did not have an impairment as defined by the relevant provisions, the ALJ next addressed the extent and severity of Plaintiff's alleged symptoms. (R. 89-93.) The ALJ determined that Plaintiff's medically determinable impairments could reasonably be expected to produce the alleged symptoms. (R. 92.) However, based on the objective medical evidence in the record, Plaintiff's continued smoking habit despite the alleged severity of her condition, her limited treatment for anxiety and statements about not needing such treatment, and an analysis of the medical opinion evidence in the record, the ALJ determined that the Plaintiff's statements regarding the severity, persistence, and limiting effects of those symptoms were "not entirely credible." (R. 92.) The ALJ further determined that Plaintiff had the residual

functional capacity ("RFC") to perform work at the light exertional level that does not require working with the general public, and allows her to work indoors in clean air, avoiding concentrated exposure to fumes, odors, dusts, gases, and poor ventilation. (R. 89.) Based on those limitations and the resulting RFC, the ALJ determined that Plaintiff was unable to perform her past relevant work as a retail clerk or housekeeper. (R. 93.) However, based on application of Medical-Vocational Guidelines and reference to the testimony of a vocational expert, the ALJ determined that Plaintiff was capable of performing jobs which exist in significant numbers in the economy. (R. 94.) As a result, the ALJ ultimately concluded that Plaintiff was not disabled. (R. 95.)

Plaintiff timely appealed the ALJ's decision to the Appeals Council and submitted additional evidence, including additional medical records, correspondence between Plaintiff and a treating physician, and correspondence between medical professionals concerning Plaintiff's medical treatment. (R. 13-80, 358-369.) On January 30, 2009, the Appeals Council issued a notice denying Stotler's request for review, stating that the additional evidence did not provide a basis for changing the ALJ's previous decision. (R. 6.) Specifically, the Appeals Council determined that because the ALJ decided Plaintiff's case through July 25, 2007, all of the additional evidence submitted by Plaintiff concerned a later period of time and therefore did not affect a decision about whether or not she was disabled beginning on or before July 25, 2007. (*Id.*) The ALJ's decision was accordingly adopted as the final decision of the Commissioner, and Plaintiff timely filed the instant action on February 25, 2009.

The parties filed cross-motions for summary judgment, and the Magistrate Judge recommended that this Court enter an order granting the Commissioner's motion for summary judgment and denying the Plaintiff's motion. In response to Plaintiff's motion for summary judgment, the Magistrate Judge first determined that the ALJ properly evaluated and considered

the evidence in a manner consistent with the applicable federal law and regulations. Specifically, the Magistrate Judge found that, contrary to Plaintiff's assertion, the ALJ properly evaluated the evidence submitted by Plaintiff's mental health therapist, Christine Krumm, LCSW, and Plaintiff's friend and future sister-in-law, Faye Branham. Second, the Magistrate Judge concluded that the ALJ properly included all of Plaintiff's physical and mental limitations in the hypothetical presented to the vocational expert. Third, the Magistrate Judge determined that the Appeals Council applied the proper standard for considering the new evidence that Stotler submitted on administrative appeal. Finally, the Magistrate Judge concluded that, contrary to Plaintiff's assertion, the ALJ did not err in his evaluation of Plaintiff's credibility.

In her objections to the Report, Plaintiff reiterates her arguments offered in her original motion. First, she argues that the ALJ's decision is not supported by substantial evidence because it "fails to evaluate opinion evidence from non-medical sources," specifically from Christine Krumm and from Faye Branham. Second, Plaintiff argues that the ALJ's decision is not supported by substantial evidence because the ALJ failed to include all of the nonexertional impairments of record in the hypothetical posed to the vocational expert. Third, Plaintiff objects to the ALJ's decision that she was "not entirely credible." According to Plaintiff, the Commissioner's credibility error renders this Court incapable of determining whether the Commissioner's decision is supported by substantial evidence. Finally, Plaintiff argues that the Appeals Council erred in declining to consider the additional evidence submitted during her appeal.

## II. STANDARD OF REVIEW

This Court must uphold the Commissioner's factual findings if they are supported by substantial evidence and were reached through application of the correct legal standard. *See* 42 U.S.C. § 405(g) (2000); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Substantial evidence

is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)), and consists of "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F. 2d 640, 642 (4th Cir. 1966).

In determining whether the Commissioner's decision was supported by substantial evidence, the Court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." *Craig*, 76 F.3d at 589. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." *Id*. (internal quotation marks omitted). Accordingly, a court may not undertake a *de novo* review of the Commissioner's decision, and the fact that the record may support a conclusion inconsistent with that of the Commissioner is immaterial. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

Finally, with regard to Appeals Council review of newly submitted evidence, the Appeals Council will consider new evidence if it is new, material, and relates to the period on or before the date of the ALJ's decision. 20 C.F.R. § 416.1470. Evidence is "new" if it is not duplicative or cumulative, and is material "if there is a reasonable possibility that the new evidence would have changed the outcome." *Wilkins v. Secretary*, 953 F.2d 93, 96 (4th Cir. 1991) (citations omitted). If the Appeals Council denies review, the ALJ's decision automatically becomes the final decision of the Commission. 20 C.F.R. § 404.981.

### III.  DISCUSSION

**A. The ALJ's Decision is Supported by Substantial Evidence**

Plaintiff first argues that the ALJ's decision is not supported by substantial evidence because it fails to evaluate opinion evidence from non-medical sources. In particular, Plaintiff contends that the ALJ failed to properly consider evidence from two sources: 1) Christine

-5-

Krumm, Plaintiff's licensed clinical social worker, and 2) Faye Branham, Plaintiff's future sister-in-law.

On May 2, 2007, Mrs. Krumm completed a Mental Limitations Assessment ("Assessment") of Plaintiff's ability to perform work-related activities. (R. 349-350.) In that Assessment, Krumm asserted that Plaintiff suffered serious limitations in several areas: ability to maintain full-time work attendance without more than two absences a month; ability to tolerate ordinary work stresses without decompensation or deterioration in work performance; and ability to respond appropriately to changes in the work setting. (R. 350.) Krumm further asserted that Plaintiff suffered severe limitations in the following areas: ability to interact appropriately with the general public; ability to ask questions of request assistance as needed; ability to accept instructions and respond appropriately to criticism from supervisors; and ability to travel in unfamiliar places or use public transportation. (*Id.*) In addition, Krumm stated that in several Assessment categories, the degree of Plaintiff's limitation was "unknown" to her. (*Id.*) As Krumm acknowledged and the ALJ noted in his assessment of her evaluation, the Assessment was based on Krumm's knowledge of Plaintiff over a short period of time. (R. 93, 350.)

Faye Branham, Plaintiff's friend and future sister-in-law, testified at the hearing before the ALJ about Plaintiff's COPD and her mental impairments. (R. 392-397.) Branham testified that Plaintiff sometimes suffers coughing spells when they speak on the telephone, and that she also suffers coughing spells when she is active or is exposed to fumes such as those from household cleaning products. (R.394, 395.) Branham also testified about Plaintiff's anxiety, stating that she had witnessed Plaintiff suffer anxiety attacks, that she believed that Plaintiff was not comfortable around crowds, and that Plaintiff seemed to believe that "everybody's out to get her." (R. 394-396.)

Pursuant to 20 C.F.R. §§416.913(d)(3) and (4), the ALJ considered the evidence offered

by both Krumm and Branham.  Because Krumm and Branham are not treating medical sources, neither's testimony was entitled to controlling weight and special consideration.  *See* 20 C.F.R. §416.927(d).  In deciding to not accept fully Krumm's assessment, the ALJ noted that Krumm had only seen the claimant on a few occasions over a short period of time, a fact directly stated by Krumm in her Assessment.  (R. 93, 350.)   Contrary to Plaintiff's assertion, nothing in the ALJ's opinion demonstrates that the ALJ failed to evaluate Krumm's opinion against the applicable regulatory factors.  Moreover, the ALJ did not entirely discredit the Assessment.  Indeed, the ALJ credited Krumm's findings to the extent that he recognized and accommodated the symptoms of Plaintiff's severe anxiety by prohibiting work with the public.  The ALJ considered Krumm's testimony in the context of the record evidence in its entirety, and afforded Krumm's testimony the weight he felt appropriate.  He was not required to give Krumm's opinion any more weight than he did in his final determination.

The ALJ was similarly not required to afford controlling weight or special consideration to Branham's testimony.[1]  The Plaintiff argues that the ALJ erred in his failure to consider Branham's testimony because that testimony was "important, corroborative, non-medical source evidence."  Yet, contrary to Plaintiff's assertion, the ALJ did address and consider Branham's testimony.  The ALJ explicitly discussed Branham's testimony that Plaintiff experienced frequent coughing spells under certain conditions, and a medical expert, Dr. Marshall, testified that such coughing is an expected consequence of Plaintiff's COPD.  The ALJ found Marshall's testimony to be consistent with the record (including Branham's testimony), and accommodated the Plaintiff's frequent coughing spells by limiting her to light work that allows her to work in indoor, clean-air environments and does not involve exposure to gaseous irritants.  Moreover,

---

[1] Branham's testimony was considered pursuant to 20 C.F.R. § 416.913(d)(4), which states that as a non-medical or "other" source, her testimony may be considered to "show the severity of [the alleged] impairment and how it affects [a claimant's] ability to work."

with regard to Branham's testimony concerning Plaintiff's anxiety, the ALJ similarly found that supported by the testimony of Dr. Marshall, and accommodated that condition by limiting Plaintiff to light work that does not require interaction with the public. Accordingly, I conclude that Plaintiff's claim that the ALJ failed to consider Branham's testimony is without merit.

The Plaintiff next argues that the ALJ's decision is not supported by substantial evidence because the ALJ failed to include all of the nonexertional impairments of record in the hypothetical posed to the vocational expert. As a result, Plaintiff claims that the vocational expert's testimony was based on an inadequate hypothetical, and that his opinion identifying jobs available to Plaintiff in the national economy is therefore invalid. The ALJ posed the following hypothetical to the vocational expert:

> Okay, now hypothetically, given this lady's age and her educational level, she's eighth-grade, but she's worked as a cashier, what kind of jobs would there be for somebody like that at the sedentary or light level, but they'd have to be in clean air, you know, indoors, in a, in a, setting like this with ventilation and all.

(R. 402.) The vocational expert responded that jobs in assembly and work as a cafeteria attendant would be available. (R. 402-403.) To accommodate the Plaintiff's anxiety, the ALJ further clarified with the vocational expert that those jobs would not require an individual to interact with the public, and the expert agreed that the jobs did not involve interaction with others. (R. 403.) Plaintiff argues that the ALJ decision relied on a hypothetical that did not reflect all impairments of record. In particular, Plaintiff argues that the hypothetical is incomplete because it fails to include the impairments identified by Krumm and Branham. Moreover, Plaintiff argues that because the ALJ failed to reference the vocational expert's testimony in his findings, this Court cannot determine whether the Commissioner has given proper consideration to the vocational expert's testimony.

"In order for a vocational expert's opinion to be relevant or helpful, it must be based

upon a consideration of all other evidence in the record, and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments." *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989) (citations omitted). Turning first to the completeness of the hypothetical, I conclude that the ALJ sufficiently described Stotler's functional limitations in a manner supported by the record evidence in this case. As noted above, the ALJ was not required to give controlling weight to either the Krumm or Branham testimony. However, the ALJ nevertheless credited their testimony to some extent, noting in his hypothetical the need for jobs in the national economy that could accommodate Plaintiff's anxiety and COPD. This leaves little room to argue that the ALJ erred in evaluating the Krumm and Branham testimony and therefore failing to include each as part of the vocational expert hypothetical. Accordingly, I conclude that the hypothetical adequately reflected all impairments of record.

With regard to the ALJ's alleged failure to reference the vocational expert's testimony, the record plainly demonstrates otherwise. Indeed, the ALJ discussed in detail the testimony of the vocational expert, the types of jobs the expert identified as appropriate for someone with Plaintiff's conditions, and the extent to which those jobs are available both nationally and in Plaintiff's geographic area. (R. 94.) This leaves little room to argue that the ALJ failed to consider the record evidence in its entirety.

Plaintiff next objects to the ALJ's decision that she was "not entirely credible." According to Plaintiff, the Commissioner's credibility finding was not sufficiently articulated or explained, rendering this Court incapable of determining whether the Commissioner's decision is supported by substantial evidence.

As long as the ALJ's credibility determination is supported by substantial evidence, this Court cannot substitute its own credibility determination for that of the ALJ. *Craig*, 76 F.3d at 589. However, if there is not such support in the decision, the court may not perform an

independent analysis of the claimant's credibility. *Jolly v. Barnhart,* 465 F.Supp.2d 498, 505 (D.S.C. Sept. 27, 2006). A claimant's subjective complaints of pain must be supported by objective medical evidence. *Craig v. Chater*, 76 F.3d 585, 591 (4th Cir. 1996); *Johnson v. Barnhart*, 434 F.3d 650, 657 (4th Cir. 2005). The evidence must show the existence of a medical impairment that could reasonably be expected to produce the amount and degree of pain alleged. *Craig*, 76 F.3d at 591; *Johnson*, 434 F.3d at 657.

An ALJ's credibility determination should include an evaluation of the following factors: (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate or aggravate those symptoms; (4) type, dosage, effectiveness and side effects of any relevant medication; (5) treatment other than medication; (6) any measures other than treatment used to relieve pain; and (7) any other factors concerning the individuals functional limitations and restrictions due to pain or other symptoms. SSR 96-7p. Furthermore, an ALJ's credibility determination is insufficient if it only recites the aforementioned factors or makes a conclusory statement regarding the claimant's credibility. *Id.* Rather, the ALJ credibility determination "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and [] subsequent reviewers" the basis for the credibility finding. *Id.*

In support of his credibility finding, the ALJ provided a thorough description of the evidence supporting that determination. First, the ALJ noted that although claimant alleged that she was disabled due to severe shortness of breath, the "objective findings on examination and diagnostic testing have been minimal." (R. 92.) Second, the ALJ explained that claimant's allegedly disabling breathing problems were contradicted by the evidence of minimal treatment for that condition, and a lack of exacerbation of her COPD and asthma. (*Id.*) Furthermore, the

ALJ noted Plaintiff's "essentially normal" chest x-ray, as well as a pulmonary functioning testing that revealed only a mild restrictive airway disease. (*Id.*) Finally, the ALJ found it compelling that despite claims of severe breathing difficulties, the Plaintiff nevertheless continued to smoke. (*Id.*)

With regard to Plaintiff's claim of severe anxiety, the ALJ first observed that the record evidence indicated that the claimant had been "primarily treated by her primary care physician for her anxiety" and that she did not begin receiving mental health treatment until February 2007. (R. 92.) The ALJ further noted that the claimant's beginning of mental health treatment was more than a year and a half after her alleged onset date. (*Id.*) Moreover, the ALJ recounted claimant's statement to her own social worker, indicating that she did not feel she needed any mental health therapy. (*Id.*) The ALJ concluded that Plaintiff's lack of treatment, coupled with her own statements that she felt she did not need therapy, belied her allegations of debilitating anxiety.

Contrary to Plaintiff's assertion, the ALJ went well beyond a mere conclusory finding with regard to the claimant's credibility. Instead, the ALJ assessed the medical evidence of the record, and explained in detail why he found the claimant's alleged severity to be not entirely credible. Indeed, the ALJ's explanation was well within the requirements of the applicable regulation, as it contained "specific reasons for the finding on credibility," and was supported by the record evidence. Furthermore, the credibility finding is sufficiently specific so as to make clear to this Court the basis of the finding. Accordingly, I conclude that the ALJ's credibility finding is supported by substantial evidence.

**B. The Appeals Council Properly Declined to Consider the Additional Evidence**

In her final objection Plaintiff contends that the Appeals Council improperly denied consideration of her newly submitted evidence. Specifically, Plaintiff argues that the Appeals

Council committed reversible error in failing to apply the proper legal standard to the consideration of that evidence, and objects to the Magistrate Judge's finding that the Appeals Council properly denied consideration of the evidence because it was duplicative and cumulative. In her objection, Plaintiff focuses on evidence submitted to the Appeals Council from Mrs. Krumm, her aforementioned clinical social worker. According to Plaintiff, the newly submitted evidence from Krumm reveals the consistency in Krumm's opinion regarding Plaintiff's limitations, and therefore contradicts the ALJ's analysis of Krumm's opinion that it should not be fully credited because it was based on evaluation over a short period of time.

The Appeals Council will consider new evidence if it is new, material, and relates to the period on or before the date of the ALJ's decision. 20 C.F.R. § 416.1470. Evidence is "new" if it is not duplicative or cumulative, and is material "if there is a reasonable possibility that the new evidence would have changed the outcome." *Wilkins v. Secretary*, 953 F.2d 93, 96 (4th Cir. 1991) (citations omitted). In reviewing the medical evidence of record regarding Plaintiff's alleged anxiety, the ALJ concluded that her claims of debilitating anxiety were belied by two key facts. First, the ALJ noted that the Plaintiff had not begun receiving mental health treatment until more than a year and a half after her alleged disability onset date. (R. 92.) Additionally, the ALJ noted that the Plaintiff stated to her social worker that she felt she did not need therapy. (*Id.*) Accordingly, the ALJ felt that the substantial evidence supported a finding that the claimant was not disabled due to anxiety, despite Krumm's assertions that the Plaintiff suffered from debilitating anxiety. The new Krumm evidence does not contradict the evidence that the ALJ found most compelling when making his credibility finding with regard to Plaintiff's alleged anxiety. Therefore, I cannot conclude that there is a "reasonable possibility" that the new Krumm evidence would have changed the outcome in this case. Accordingly, Plaintiff's objection with regard to the Appeals Council treatment of her newly submitted evidence is

denied.

## IV. CONCLUSION

After a thorough examination of the Plaintiff's objections, the applicable law, the documented record, and the Magistrate Judge's Report, the Court overrules the Plaintiff's objections. The Commissioner's decision that Plaintiff is not disabled is supported by substantial evidence. Accordingly, I will adopt the Report and Recommendation of the U.S. Magistrate Judge filed September 29, 2009, grant the Commissioner's motion for summary judgment, deny the Plaintiff's motion for summary judgment, and affirm the Commissioner's decision to deny benefits. An appropriate order will follow.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and the accompanying Order to all counsel of record and to U.S. Magistrate Judge B. Waugh Crigler.

ENTERED: This 27th day of January, 2010.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE